Michael S. Agruss (SBN: 259567)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x235
Fax: 866-583-3695
magruss@consumerlawcenter.com
Attorneys for Plaintiff,
ASHLEY TAFT

FILED
2009 SEP -4 PM 2:01
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

ED CV 09 - 01697 SGL (OPx)

ASHLEY TAFT,

    Plaintiff,

v.

NATIONAL CREDIT SYSTEMS INC,

    Defendant.

Case No.:

COMPLAINT AND DEMAND FOR JURY TRIAL

(Unlawful Debt Collection Practices)

## VERIFIED COMPLAINT

ASHLEY TAFT (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against NATIONAL CREDIT SYSTEMS INC., (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business in the State of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Murrieta, Riverside County, California.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national company and maintains a business office in Atlanta, Georgia.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant called Plaintiff from 404-629-9595.

14. Defendant calls Plaintiff on Plaintiff's cell phone.

15. Defendant threatened to garnish Plaintiff's wages if Plaintiff did not pay the alleged debt.

16. Defendant caller left voicemail messages where caller failed to disclose the name of the company and did not disclose that the call is from a debt collector. (See transcribed voicemail messages attached as Exhibit A).

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692(d)* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

    b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass.

    c. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

    d. Defendant violated *§1692e(4)* of the FDCPA because Defendant made a false or misleading statement when Defendant stated to

- 3 -

Plaintiff that Plaintiff's non-payment of debt will result in wage garnishment.

e. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt because Plaintiff does state the name of the company from where caller was calling.

f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication was from a debt collector.

g. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

18. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff suffered emotional distress (see Exhibit B).

WHEREFORE, Plaintiff, ASHLEY TAFT, respectfully requests judgment be entered against Defendant, NATIONAL CREDIT SYSTEMS INC., for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages for plaintiff pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Actual damages,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

25. Defendant violated the RFDCPA based on the following:

   a. Defendant violated *§1788.10(e)* of the RFDCPA by falsely representing that wage garnishment have been or are about to be initiated unless Plaintiff pays herdebt.

   b. Defendant violated *§1788.11(b)* of the RFDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

   c. Defendant violated *§1788.11(d)* of the RFDCPA by placing collection calls to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

   d. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency as to be unreasonable and to constitute and harassment to Plaintiff under the circumstances.

   e. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

26. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff suffered emotional distress (see Exhibit B).

COMPLAINT AND DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, ASHLEY TAFT, respectfully requests judgment be entered against Defendant, NATIONAL CREDIT SYSTEMS INC., for the following:

27. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

28. Statutory damages for plaintiff pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

29. Actual damages,

30. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

31. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ASHLEY TAFT, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: August 31, 2009      KROHN & MOSS, LTD.

By: _____
Michael S. Agruss
Attorney for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, ASHLEY TAFT, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ASHLEY TAFT hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 8/20/09

_____
ASHLEY TAFT

# EXHIBIT A